DEAN E. SMITH, Plaintiff, *v.* GEORGIA PACIFIC CORPORATION *et al.*, Defendants.—(CAPITOL SCALE CO. *et al.*, Defendants and Third-Party Plaintiffs, *v.* RAY SWATA, d/b/a Spectrum Painting & Decorating, Third-Party Defendant.—(JAMES P. KELLSTEDT, Contemnor-Appellant.)

Third District   No. 78-403

Opinion filed September 28, 1979.

Elmo F. Koos, of Peoria, and James P. Kellstedt, of Peoria Heights, for appellant.

Michael M. Mihm, State's Attorney, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a direct criminal contempt judgment against James P. Kellstedt, as the attorney for the plaintiff, resulting from certain comments made by counsel following the trial court's sustaining of objections to counsel's direct examination of a witness. Prior to the incident in question, a number of objections had been made to counsel's examination of this witness. Several objections had been sustained, some were overruled and some resulted in the withdrawal of the question. However, the following interchanges took place when counsel tried to question the witness concerning the witness' knowledge of boom trucks:

"MR. KELLSTEDT: When did you first familiarize yourself with boom trucks in the trade, do you recall?

A: They have used them a good ten years or possibly longer.

Q: And, are you familiar now about their use during that period of time?

A: I have seen them in operation, yes.

Q: And, you have been a painter over the years and also associated with as a representative of the employee part of the painting industry, is that right?

A: Yes.

Q: And, your knowledge will be about types of scaffolds and ladders use?

MR. ROTH: I am going to object on the grounds it's a leading question. Conclusionary.

MR. KELLSTEDT: I will withdraw the question.

Q: What is your familiarity, if any, with reference to various types of scaffolds or ladders or other devices in support of painters in the painting trade, particularly in commercial painting?

MR. NICOLL: Objection. It's too general. It does not have any relationship to the issues in this cause.

THE COURT: I think the question is too general. I will sustain to that.

MR. KELLSTEDT: It's preliminary, Your Honor.

THE COURT: Everything is preliminary. I will sustain.

MR. KELLSTEDT: Everything is preliminary with the questions.

THE COURT: I sustained, Mr. Kellstedt. Just ask another question, please.

MR. KELLSTEDT: Tell us, please, what your knowledge is or familiarity is with supports such as scaffolding or trucks or devices

including ladders, if any, with reference to their use in commercial and residential painting.

MR. NICOLL: I object, Your Honor, again now on the basis that there must be some relationship some relevancy and materiality to the issues in this case. Not what he may know generally about the use of ladders, scaffolds or anything else. It's immaterial and general.

MR. KELLSTEDT: It's hardly immaterial to the questions Mr. Roth was permitted to ask at length in cross examination.

THE COURT: Counsel, I don't need a speech after every objection.

MR. KELLSTEDT: What is the Court's ruling in this regard?

THE COURT: I will permit him to answer.

MR. KELLSTEDT: Thank you, Your Honor. You may finally answer the question, sir.

A: As I said, I worked as a painter for approximately 15 years and you work off a ladder and scaffolds. I have been a business representative for ten years.

Q: So, you have a working knowledge as well as a knowledge of a representative of a large part of the painting trade in connection with those uses, is that right?

MR. ROTH: I am going to object on the grounds it's leading and conclusionary. The witness has testified that he worked on a ladder.

MR. KELLSTEDT: I will withdraw the question.

THE COURT: I will sustain.

MR. KELLSTEDT: Now, I will ask you, sir, based upon this knowledge and experience, do you have an opinion as to whether a boom truck could have been used in the area of your investigation on October 23rd, 1974 date?

MR. COOPER: I would object, Your Honor. That same question was asked about five minutes ago and an objection was sustained.

THE COURT: Sustained again.

MR. KELLSTEDT: Mr. Sullivan, I won't pursue this further and injure you as well as the members of this jury.

THE COURT: What was that last comment?

MR. KELLSTEDT: I will not pursue this further and continue apparently injuring the people in this Courtroom.

THE COURT: I don't believe that was the exact words used.

MR. KELLSTEDT: I used the words substantially. I don't recall my exact words, Your Honor. Now, is His Honor about to cite me for something? If so, I ask the jury be withdrawn.

THE COURT: Mr. Kellstedt, your remarks are highly improper

and your remark after the Court's ruling was highly improper, your remark you just made is more highly improper and the Court will deal with the matter later.

MR. KELLSTEDT: I am sure the Court will deal with this later.

THE COURT: I will excuse the jury. Mr. Kellstedt, what has just been said to you in front of this jury—your attitude, your tone of voice and your conduct, this Court finds you in contempt and the Court assesses a fine against you on this particular contempt in the amount of $250 to be paid within three days.

MR. KELLSTEDT: I will ask for a hearing on that.

THE COURT: No, sir. I will dispose of it some other way.

MR. KELLSTEDT: Let the record show I was refused a right to respond to that."

■■■ No responsive brief was filed by the appellee. This is unfortunate because the court is deprived of the appellee's reasoning and argument. Moreover, this court will not act as the appellee's advocate. (*Fischer v. Kellenberger* (1979), 73 Ill. App. 3d 550, 392 N.E.2d 733.) An automatic reversal is, of course, not justified merely because the appellee failed to file a brief. (*R. W. Horn Wholesale Meats, Inc. v. Lyman* (1977), 49 Ill. App. 3d 379, 364 N.E.2d 384.) Summary reversal is, however, available in the exercise of discretion by the judges of the appellate court. (*Smith v. Lemont Fire Protection District* (1977), 45 Ill. App. 3d 52, 359 N.E.2d 2.) If the record is simple and the alleged errors are such that they can be easily decided without the aid of an appellee's brief, the reviewing court should decide the merits of the appeal, but if *prima facie* reversible error is demonstrated by the appellant's brief, and if these contentions are supported by the record, the judgment may be reversed. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■■ ■ A trial judge, acting upon personal knowledge, may summarily punish an offender for contempt without the need for any additional process or procedure if that person's conduct occurred in open court and was calculated to embarrass, hinder or obstruct a court in its administration of justice, or to derogate from its authority or dignity, or to bring the administration of the law into disrepute. (*People v. Graves* (1977), 54 Ill. App. 3d 860, 370 N.E.2d 253.) It is not a direct contempt of court for counsel to be improperly sarcastic at times if the record discloses that counsel's conduct constituted a good faith attempt to represent his client without hindering the trial court's function or dignity. *People v. Miller* (1972), 51 Ill. 2d 76, 281 N.E.2d 292.

■■ In the case at bar, the trial judge, when ruling that counsel's conduct was contempt of court, referred to the tone of counsel's voice. While this cannot be reflected in a written record, it is obvious that, at most,

counsel's statement was sarcastic. The statement itself supports the conclusion that counsel was not intending to hinder or obstruct the administration of justice for it indicates the intent of counsel to move on to another area of questioning. Furthermore, the record establishes that the trial judge may have thought counsel said something other than what he did, in fact, say.

While this court cannot condone the conduct of counsel, we do not find that it was so discourteous as to constitute contempt of court. Counsel was merely overzealous in the presentation of his case. As a result, the judgment of the Circuit Court of Peoria County must be reversed.

Reversed.

BARRY and SCOTT, JJ., concur.