STANDARD MANAGEMENT REALTY COMPANY, Plaintiff-Appellee, v. ARNIM JOHNSON, JR., Defendant-Appellant.

First District (5th Division)   No. 85—3158

Opinion filed June 19, 1987.

Arnim Johnson, Jr., of Chicago, for appellant, *pro se.*

Paddy Harris McNamara, of Paddy Harris McNamara, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from an order of possession of certain premises entered on October 23, 1985, pursuant to a jury verdict rendered against him on September 13, 1985, contending that: (1) the trial court lacked subject matter jurisdiction because of Standard Management Realty Company's (Standard) failure to properly serve notice of termination of tenancy as to apartments 704 and 706; (2) the trial court lacked subject matter jurisdiction because there was a prior

pending matter between the same parties in Federal court; (3) the doctrine of *res judicata* bars the institution of the cause below because this action was filed while the same issues were pending in the district court as to apartment 706; (4) the acknowledgement of the tenancy by the plaintiff through its payment of utility bills after its service of notice deprived the trial court of jurisdiction; (5) the trial court erred in denying his motion for a directed verdict at the close of Standard's evidence; (6) the verdict that no interdependent covenants existed between defendant and plaintiff was against the manifest weight of the evidence; and (7) the trial court erred in instructing the jury.

We affirm.

The following facts are pertinent to our disposition. On September 29, 1984, Johnson and Standard executed a lease for certain premises known as 2 East 8th Street, apartment 704, for a term of two years commencing on November 1, 1984. Standard informed Johnson in October 1984 that the apartment would not be completed on November 1 because of ongoing construction. Plaintiff was given temporary rent-free accommodations in an adjoining apartment until such time as the demised premises were ready for occupancy. Apartment 704 was completed on December 19, 1984. However, because of numerous complaints received by plaintiff respecting defendant's conduct, defendant was denied permission to move into apartment 704. The conduct complained of included yelling in the hallways, abusive language towards tenants and loud music at all hours. On December 20, 1984, Johnson sent Standard a letter indicating that he wished to move into apartment 704 pursuant to the lease.

On January 11, 1985, defendant filed a complaint in the United States District Court, Northern District of Illinois, Eastern Division, alleging racial discrimination and alleging a valid lease with regard to apartment 704. Plaintiff's answer denied the allegations of discrimination and affirmatively pleaded termination of the lease for apartment 704 and counterclaiming for possession of apartment 706. Johnson had been served with a notice to relinquish possession of apartment 706 and had been tendered a check returning his first month's rent and security deposit.

On March 20, 1985, Standard filed a forcible entry and detainer suit in the circuit court of Cook County alleging that it was entitled to possession of apartment 706. On April 26, 1985, Johnson filed a motion to dismiss pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)) in which he alleged that the same action was pending between the same

parties in the United States District Court. The June 3, 1985, scheduled hearing on the motion was continued to June 26, 1985. After Standard voluntarily dismissed its counterclaim in the Federal court on June 13, 1985, its motion to dismiss was denied.

On August 12, 1985, Johnson's motion to dismiss this cause pursuant to section 2—619(a)(1) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(1)) alleging that the trial court lacked jurisdiction to entertain the cause because it had previously been filed as a compulsory counterclaim was denied on August 19, 1985.

He then filed his answer on August 21, 1985, denying Standard was entitled to possession of apartment 706. As an affirmative defense he alleged breach of condition precedent and retaliation within the meaning of Federal law and counterclaimed, alleging racial discrimination in two counts. Standard moved to strike Johnson's affirmative defense and counterclaims on the grounds that the counterclaims were pending in Federal court and the affirmative defenses were not germane to the issue of possession of apartment 706. On August 27, 1985, the trial court struck all of Johnson's affirmative defenses and counterclaims and granted him leave to amend.

On September 3, 1985, Johnson filed a motion to dismiss under section 2—619(a)(9) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) alleging that Standard had continued to pay utilities on behalf of Johnson subsequent to the service of the 30-day notice, thereby reaffirming the tenancy which was denied on September 9, 1985. Johnson also filed his answer and affirmative defense alleging breach of condition precedent and counterclaimed for retaliation pursuant to Federal law.

The cause went to trial on issues of possession and the affirmative defenses of retaliation and breach of condition precedent. Johnson's motion for a directed verdict at the end of all of the evidence was denied. Instructions and special interrogatories were tendered to the jury over Johnson's objection. The jury returned a verdict in favor of Standard on September 13, 1985. Johnson filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial which was denied on October 7, 1985, and an order of possession of apartment 706 was entered on October 23, 1985.

OPINION

■ At the outset it should be noted that this court has not been aided by Standard's failure to file a brief addressing the issues raised by defendant in his appeal. The document filed by the plaintiff does not comply with the rules of our supreme court governing appellate

practice. (87 Ill. 2d R. 341.) Rule 341 is not an arbitrary exercise of the supreme court's supervisory power. Its purpose is to require parties to proceedings before a reviewing court to present clear and orderly arguments for that court's consideration. (*47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 371 N.E.2d 294.) This court clearly has the authority to address the merits of the case in the absence of a responsive filing by appellee (*People v. Copeland* (1980), 92 Ill. App. 3d 475, 415 N.E.2d 1173); however, we are not obligated to act as appellee's advocate due to his failure. (*Smith v. Georgia Pacific Corp.* (1979), 76 Ill. App. 3d 667, 395 N.E.2d 214.) While generally speaking a court of review should not be compelled to search the record for the purpose of sustaining the circuit court's judgment, if justice requires we are empowered to do so. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■■ ■ Johnson asserts that the trial court lacked subject matter jurisdiction because of the failure of Standard to properly serve notice. If the determination was made that Johnson had a tenancy for a determinable period of time, then plaintiff needed to serve proper notice. (*Stanmeyer v. Davis* (1944), 321 Ill. App. 227, 53 N.E.2d 22.) If, on the other hand, a determination was made that Johnson was a tenant at sufferance he had only naked possession, terminable whenever the landlord desired, with no requirement that notice be given or that a demand for possession be made. (*Heller v. Goss* (1980), 80 Ill. App. 3d 716, 400 N.E.2d 70.) Where a lease does not expressly fix the beginning of the term the entire contract will be examined to ascertain the intention of the parties. (*DePauw University v. United Electric Coal Cos.* (1939), 299 Ill. App. 339, 20 N.E.2d 146.) Here, the trial judge found there to be a question of fact as to the nature, character, term and use of apartment 706. Appropriately, the issue was submitted to the jury.

■■ ■ Johnson next asserts the trial court lacked subject matter jurisdiction because at the time the cause below was filed there was a prior pending matter between the same parties in the United States District Court. Johnson concedes that Standard withdrew the matter from the Federal court. But he contends the action, for forcible entry and detainer, was a compulsory counterclaim within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 13(a)). He further contends that the district court improperly allowed Standard to circumvent the rule by permitting the voluntary dismissal, and that the court below acquiesced by wrongfully exercising its jurisdiction.

We find no merit to Johnson's argument. A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed in a proper proceeding, is not open to impeachment in any collateral action, except for fraud in its procurement. (*Walton v. Albers* (1942), 380 Ill. 423, 44 N.E.2d 145.) The district court allowed Standard to voluntarily withdraw its counterclaim. The record is absent of any evidence that Johnson objected to this procedure. Further, the proper avenue of appeal would have been in the Federal court, not the circuit court of Cook County. We cannot reach the issue of whether Standard's counterclaim was compulsory, as to do so would be tantamount to subjecting the Federal court's order to improper collateral attack.

We also find untenable Johnson's contention that the doctrine of *res judicata* barred the institution of the cause below because this cause was filed while the same claim was pending in the district court. Again, Johnson is requesting this court to find that the counterclaim filed in Federal court was compulsory within the meaning of Rule 13(a) (Fed. R. Civ. P. 13(a)). Johnson states that the counterclaim was "obviously compulsory." Perhaps this argument would have persuaded the Federal court but Johnson apparently never presented that argument in that forum. It is improper for this court to now entertain such an ill-placed contention. See *Walton v. Albers* (1942), 380 Ill. 423, 44 N.E.2d 145.

■■ Johnson next contends that Standard continued to acknowledge the tenancy in question after service of the notice to terminate, thereby depriving the court of jurisdiction. This contention is without merit. As the able trial judge aptly indicated, the question of whether the action of paying a utility bill constitutes acknowledgement of the tenancy is one appropriately submitted to the jury.

The contention that remarks made by Standard's counsel constitute a judicial admission that Johnson's tenancy was one for a specified duration is not supported by the record. The attorney for Standard stated in her opening argument:

> "You will hear testimony that the building management, Mr. Myers, served a 30 day notice which is required by law, on February 1st of this year on Mr. Johnson."

■■ It is true that an admission by an attorney for a party during the trial supersedes all proofs upon the point in question. (*Darling v. Charleston Community Memorial Hospital* (1964), 50 Ill. App. 2d 253, 200 N.E.2d 149.) A clear admission of a material fact by counsel in opening statements is binding upon his client. (*Drell v. American National Bank & Trust Co.* (1965), 57 Ill. App. 2d 129, 207 N.E.3d 101.)

However, what constitutes a judicial admission must be decided under the circumstances in each case and before a statement can be held to be such an admission it must be given a meaning consistent with the context in which it is found. See *Vincent v. Wesolowski* (1967), 87 Ill. App. 2d 477, 232 N.E.2d 120.

■ Here the remainder of Standard's counsel's opening statement suggests that Johnson was a tenant at will. Particularly, she stated:

"There was never any intention on the part of the building to charge Mr. Johnson rent for the month of December. He still, because he was living in temporary quarters and it was always intended that unit 706 would be temporary, that he would not be there permanently."

Viewing the statement within the context in which it was found, the statement referred to by Johnson does not constitute a judicial admission that he was a tenant for a specified period.

●9, 10 We do not believe that the verdict that no interdependent covenants existed between Johnson and Standard was against the manifest weight of the evidence. Findings of a jury cannot be disturbed by a reviewing court unless they are clearly erroneous or against the manifest weight of the evidence. (*Bautista v. Verson Allsteel Press Co.* (1987), 152 Ill. App. 3d 524, 405 N.E.2d 772.) When considering whether the verdict was contrary to the manifest weight of the evidence, the reviewing court must view the evidence in the light most favorable to the appellee. (*Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408, 476 N.E.2d 1232.) Therefore, in determining whether the jury's verdict was against the manifest weight of the evidence this court must view the evidence in the light most favorable to Standard. Here, the verdict that no interdependent covenants existed is supported by the evidence. Johnson was housed temporarily in apartment 706. His disruptive conduct terminated the lease as to apartment 704. As a tenant at sufferance he was obliged to relinquish possession of apartment 706 upon demand. We hold the evidence sustains the verdict against Johnson.

■ Johnson's final contention that the trial court erred in instructing the jury is likewise without merit. The majority of these contentions are nothing more than reiterations of arguments previously submitted. The only issue raised by the jury instructions not previously addressed is that concerning the inclusion of the racial discrimination language contained in three of the instructions. Although the trial court would have been advised to omit such references, this court does not find that such references prejudiced Johnson. On the

contrary, the references should have buttressed his arguments. Consequently the error in instructing the jury is not a basis for reversal.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.