NIRMALA PATEL, Plaintiff, v. TRUEBLOOD, INC., Defendant and Third-Party Plaintiff-Appellee and Cross-Appellant (Admo, Inc., Third-Party Defendant-Appellant and Cross-Appellee).

First District (1st Division)    No. 1—94—0596

Opinion filed May 28, 1996.

Michael Resis and John T. Kennedy, both of Querrey & Harrow, Ltd., of Chicago, for appellant.

Munday & Nathan, of Chicago (John J. Munday, of counsel), for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

The question in this case is whether a jury must be instructed that the plaintiff in a contribution action has to prove it settled the

underlying claim because of a reasonable anticipation of liability. We conclude that the instruction is required. For that reason, we reverse the judgment below and remand the cause for a new trial.

## BACKGROUND

We set out only those facts and circumstances required for disposition of the issue that determines the outcome of this appeal.

On August 10, 1988, Nirmala Patel (Patel) was injured at work when her hand and arm were caught in a machine. She was employed by Admo, Inc. (Admo). The machine was manufactured by Trueblood.

Patel sued Trueblood. Her amended complaint alleged that she had been injured at work while using Trueblood's machine and that the accident occurred because of Trueblood's negligence. Trueblood, in turn, filed a complaint against Admo seeking contribution.

Before trial, Patel settled her claim against Trueblood for $185,000. The trial court entered an order finding the settlement had been made in good faith. Admo did not object to the settlement. The trial of Trueblood against Admo began.

Before the jury was selected, the trial court granted Trueblood's motion *in limine*. Admo was prevented from offering evidence that Patel had sued Trueblood, that other accidents had occurred with the machine that injured Patel, and that the settlement with Patel was not made in good faith or was otherwise inequitable.

At trial, Trueblood produced evidence that it manufactured the machine and that it settled with Patel for $185,000. It did not present any direct evidence that it settled because of a reasonable anticipation of liability.

Trueblood's evidence mostly concerned the way the machine operated and the way Patel was trained and supervised. Trueblood's theory was that the machine was safe and that Patel was injured because she was improperly trained, instructed, and supervised by Admo.

When Trueblood rested, Admo moved for a directed verdict, arguing that Trueblood had not established it settled with Patel because it reasonably anticipated liability. The trial court denied the motion.

Admo presented evidence that it attempted to make the machine safer and that Patel had ignored written and oral work rules and instructions.

After both sides rested, an instructions conference was held. At Admo's request, Trueblood tendered an issues instruction that stated Admo denied Trueblood settled in reasonable anticipation of liability. That instruction was given. But the trial court refused to include in the burden of proof instruction a requirement that the jury find Trueblood settled with Patel because it reasonably anticipated liability. Admo objected to the omission.

The jury returned a verdict finding that Admo was 100% responsible for the injury and that Trueblood was 0% responsible. Judgment was entered on the verdict. Post-trial proceedings concerned the extent of Admo's final liability, given its payment of worker's compensation benefits to Patel.

OPINION

Admo contends that Trueblood had to prove, and the jury had to be instructed, that Trueblood settled with Patel in reasonable anticipation of liability.

Admo's position is based on the Joint Tortfeasor Contribution Act (740 ILCS 100/2 (West 1992)) and the decision in *Sands v. J.I. Case Co.*, 239 Ill. App. 3d 19, 605 N.E.2d 714 (1992).

Trueblood responds that the trial court's unopposed order stating the settlement was in good faith precludes Admo's argument. Further, says Trueblood, Admo admitted during final argument that the settlement was in reasonable anticipation of liability.

There was nothing in the trial court's order about reasonable anticipation of liability. Even if there were, the order was not and should not have been presented to the jury.

Admo did say during final argument:

"Why did Trueblood pay Mrs. Patel $185,000 for this injury? Because they believed that the evidence would show that their own conduct in designing and building this machine caused her accident and not a single person from Trueblood testified to the contrary."

Of course, by the time of final argument the trial judge had denied Admo's directed verdict motion. In addition, the instructions conference had taken place. The judge had made it clear he would not require Trueblood to prove it settled because of a reasonable anticipation of liability. Admo cannot be said to have made any fatal admissions when it directed its argument to the only remaining issues in the case—who was at fault and by how much? This was pure argument, not an unambiguous admission that the lawyer's own client was "at fault" and "responsible," as was true in *Lowe v. Kang*, 167 Ill. App. 3d 772, 521 N.E.2d 1245 (1988). Compare *Sabo v. T.W. Moore Feed & Grain Co.*, 97 Ill. App. 2d 7, 239 N.E.2d 459 (1968).

■ The Joint Tortfeasor Contribution Act, section 2(a), provides, in pertinent part:

"*** [W]here 2 or more persons are subject to liability in tort arising out of the same injury to person or property *** there is a right of contribution among them, even though judgment has not been entered against any or all of them." 740 ILCS 100/2(a) (West 1992).

While the Act refers to the party seeking contribution as a "tort-feasor," it requires only that the person bringing the claim be "subject to liability in tort." In *Sands*, 239 Ill. App. 3d at 23, the court held the plaintiff in a contribution action did not have to prove its own negligence, fault, or liability, but did have to "present the trier of fact with a factual basis showing liability was reasonably anticipated." *Sands*, 239 Ill. App. 3d at 25.

In *Sands* the court drew support for its holding from *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.*, 12 Ill. App. 3d 165, 298 N.E.2d 289 (1973). *St. Paul Fire & Marine Insurance Co.* was an indemnity case, but, said the court in *Sands*:

> "In either case the plaintiff is seeking reimbursement from a defendant responsible in whole or in part for damages the plaintiff has paid to an injured party. The lesser burden of showing only reasonable anticipation of potential liability (as opposed to proof of actual liability) is at least as justifiable in a contribution action as it is in an action for indemnification." *Sands*, 239 Ill. App. 3d at 24.

■ The *Sands* court believed the law's policy favoring amicable compromise and settlement of litigation would be impeded if a contribution plaintiff were forced to prove his own negligence. We agree. A requirement that the plaintiff prove he settled in reasonable anticipation of liability will be sufficient to bar gratuitous or volunteered settlements from being shifted to others in the name of contribution among tortfeasors.

*Sands* did not address the specific question of instructions to the jury concerning the plaintiff's claims and its burden of proof. We find that juries in cases of contribution following settlement should be instructed that payment made in reasonable anticipation of liability is an element of the plaintiff's claim. It should be contained in the issues and burden of proof instructions.

We note that the Illinois Pattern Jury Instructions, Civil, (3d ed. 1993) (hereinafter IPI Civil 3d), support our conclusion. IPI Civil 3d No. 600.09, the issues instruction for claims of contribution following settlement, reads:

> "[2] [_____ further claims that the payment was made
> name of plaintiff
> in reasonable anticipation of his liability to _____ .]"
> name of injured person

The comment following IPI Civil 3d No. 600.09 tells us that paragraph 2 "is consistent with the requirement in indemnity cases that the plaintiff show that his payment was made in reasonable anticipation of liability." In support, the comment cites *St. Paul Fire & Marine Insurance Co.*

IPI Civil 3d No. 600.10, the burden of proof instruction for claims of contribution following settlement, reads:

"[Third, that the payment _____ made was in
          name of plaintiff
reasonable anticipation of liability to _____.]"
                                        name of injured person

The notes on use and the comments to these instructions do not explain why these matters are in brackets. Whatever the reason, today we remove the brackets.

■ We have examined the record in this case to determine whether there was a complete failure of proof on this issue. We cannot say there was. The evidence would have allowed the jury to infer settlement was made in reasonable anticipation of liability. The proof that might support the inference was thin. We note that it was the plaintiff who kept out any evidence that it was sued by Patel and that the machine in question had caused other accidents and injuries. That is the kind of evidence that would have made the required showing. See *Sands*, 239 Ill. App. 3d at 24. Because the reasonable anticipation question was close, we do not find the failure to properly instruct the jury was harmless error.

A new trial, with the jury properly instructed and both sides aware of the applicable burden of proof, is required. For that reason we reverse the judgment on the jury's verdict and remand this cause for a new trial. Because the case will be tried again, there is no need to decide whether a 100% contribution verdict is logically and legally possible. Nor do we concern ourselves with issues in the counterclaim concerning the extent of the employer's final liability.

CONCLUSION

We reverse the judgment on the jury's verdict and remand this cause for a new trial.

Reversed and remanded.

CAMPBELL, P.J., and BUCKLEY, J., concur.