243 P.2d 603

SHEPHARD v. GRAHAM BELL AVIATION SERVICE, Inc.

No. 5470.

Supreme Court of New Mexico.

April 22, 1952.

Hugh R. Horne, Albuquerque, for appellant.

McAtee & Toulouse, Serenea H. Green, Albuquerque, for appellee.

McGHEE, Justice.

During a violent windstorm the plaintiff's airplane broke away from its moorings where the defendant had secured it as a part of its storage arrangement with the plaintiff. The airplane was destroyed except for a small junk value and the trial court awarded judgment for its value.

The Civil Aeronautics Authority had given ample warning the vicinity would be visited by very heavy winds on the evening and night the plane was destroyed. The defendant's employees had tied the plane down with a "single tie" which proved insufficient to hold it.

The crucial findings of fact made by the trial court are:

"6. That defendants did not exercise care and diligence which an ordinarily prudent person under similar circumstances would have exercised, or that which a capable and prudent person engaged in the same business and experience and faithful in that

particular department are accustomed to exercise in the discharge of their duties, and as a consequence of such failure plaintiff's plane was injured and damaged.

"7. That defendant's, Graham-Bell Aviation Service, Inc., agent and manager, Marvin Downer, refused and neglected to properly attend to the planes which were stored at the Graham-Bell Airport after he had been warned that the same were in danger by employees of the Angus Police Patrol; that said Marvin Downer excused his neglect by stating that his company had insurance and in the event any damage occurred that such insurance would cover such damage.

"8. That defendants failed to maintain adequate inspection of said airplane during the course of the windstorm."

The trial court gave judgment against the defendant for the value of the plane.

The record shows the wind was quite strong in the afternoon and increased in intensity until at least after midnight, attaining a maximum velocity of 90 miles per hour. It was admitted by the defendant's manager that severe wind was a common occurrence in the Albuquerque area where the accident occurred, and a factor which every airport owner in the vicinity recognized he should guard against.

It is agreed the defendant was not an insurer of the plane, and that if its negligence was not a proximate cause of the destruction the plaintiff may not recover; but the plaintiff contends, and we think rightly, that had the defendant used ordinary care under the existing conditions the wind would not have caused the plane to break from its mooring, and the defendant is therefore liable.

We have carefully examined the record and find there is substantial evidence to sustain the findings of fact made by the trial court. We are satisfied if the defendant's manager, who was living not more than one hundred yards from the place the plane was tied down, had heeded the warnings given him and followed the example of a neighboring airport manager by putting additional ties on his planes and staying on the job as did his neighbor, the plaintiff's plane would not have been destroyed. On the contrary, he stayed in his house and, as found by the trial court, left the worry to the insurance carrier.

A defendant may not find shelter behind the plea the injury was caused by an act of God when, but for his concurring negligence, the injury would not have occurred.

The defendant relies upon the case of City of Piqua v. Morris, 98 Ohio St. 42, 120 N.E. 300, 7 A.L.R. 129, (which was an action for damages caused by a

flood) to sustain its contention it may not be held in damages for an act of God. We like the case and quote approvingly from its syllabi as follows:

"2. The 'proximate cause' of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened. The fact that some other cause concurred with the negligence of a defendant in producing an injury does not relieve him from liability, unless it is shown such other cause would have produced the injury independently of defendant's negligence.

"4. In order to fix liability on an owner in such case, it must be shown that his negligence concurred with the act of God in causing the injury; but if the act of God, such as an extraordinary flood, was so overwhelming and destructive as to produce the injury, whether the defendant had been negligent or not, his negligence cannot be held to be the proximate cause of the injury."

The findings of the trial court and the record clearly show that except for the negligence of the defendant the loss would not have occurred, so instead of providing the defendant with an escape hatch for its negligence the case shuts the door in its face.

The claim of the defendant that finding No. 6 is a mere conclusion of law is not well taken. Ultimate facts, as distinguished from evidentiary ones, are the findings a trial court should make. Lea County Fair Association v. Elkan, 52 N.M. 250, 197 P.2d 228.

We have re-examined all of the cases cited by the defendant and find they do not call for a reversal of the judgment.

The judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.