610 P.2d 219

**Mary Agnes SILVA, Personal Representative of David Gurule, Deceased, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, Albuquerque Police Department, John Kraenzel and Francis Ford, Defendants-Appellees.**

**No. 4231.**

Court of Appeals of New Mexico.

April 1, 1980.

Stephen M. Simone, Farlow & Bradley, P. A., Albuquerque, for plaintiff-appellant.

Robert K. Patten, Asst. City Atty., Albuquerque, for City of Albuquerque.

J. E. Casados, Gallagher, Casados & Martin, P. C., Albuquerque, for Albuquerque Police Dept., John Kraenzel and Francis Ford.

## OPINION

WALTERS, Judge.

Plaintiff's decedent ran a red light within the City of Albuquerque. An officer who stopped in a police car at the intersection saw the violation and he proceeded after the deceased. When he caught up with him, he turned on his vehicle's red lights. Instead of slowing or stopping, plaintiff's decedent accelerated and tried to outrun the police car. Several miles later, decedent lost control of his vehicle, crashed into a tree and a house, and suffered fatal injuries. His personal representative appeals a summary judgment granted to the police officers, the police department, and the City of Albuquerque. We affirm.

Analogizing the summary judgment in this case to the directed verdict entered in *Strickland v. Roosevelt Co. Rural Elec. Coop.,* 19 N.M.St.B.Bull. 205, 94 N.M. 459, 612 P.2d 689 (Ct.App.), N.M., *cert. granted,* Feb. 26, 1980, plaintiff argues that the acts of negligence alleged against the officers, and vicariously against the City and the Police Department, should have been presented to the jury.

The opinion in *Strickland* said:

Limited to contributory negligence cases [which appears to have been the basis for the entry of summary judgment in the instant case and for the directed verdict in *Strickland*], *we hold* that where a defendant leads a plaintiff to a place of danger in which plaintiff's lips are sealed by reason of death, and defendant is the sole eyewitness of decedent's conduct, defendant's testimony, though uncontradicted and undisputed, is not conclusive on the issue of decedent's contributory negligence; that the credibility of defendant's testimony, no matter how plausible is a question of fact for the jury. The trial court shall assume that decedent was in the exercise of ordinary care at the time of his death; that an issue of fact exists on the question of his contributory negligence to avoid a directed verdict and get plaintiff to the jury. (Our emphasis.)

*Id.* at 211.

*Strickland,* an opinion with which one judge of this court concurred in the result and another judge dissented, constitutes a "judgment" according to Art. VI, § 28 of the New Mexico Constitution, and a "decision" under § 34–5–11, N.M.S.A.1978. But it is not an opinion expressing the views of a majority of this court as now constituted; and, because one of the participating judges concurred only in the result reached, we may reasonably conclude that the rationale of the opinion does not even express the view of a majority of the panel which considered that case.

■ Regardless of its precedential value, however, the *Strickland* rule cannot be applied to summary judgment procedures. Unlike a motion for directed verdict, defendant does not admit negligence when he presents facts outside the pleading and argues for summary judgment on the theory that plaintiff was contributorily negligent as a matter of law. Thus, if the sole eyewitness version is not to be believed, unless there are physical facts which point unerringly to a true version of the incident, *cf. Ortega v. ⁓ury,* 55 N.M. 142, 227 P.2d 941 (1951), or ⸳⸳cumstantial evidence from which a reasonable contrary inference may be drawn, *see State v. Jones,* 39 N.M. 395, 48 P.2d 403 (1935), then there remains *no* evidence from which a judge *or* jury could infer either plaintiff's *or* defendant's negligence. In such a case, plaintiff fails to make out a case against defendant, and summary judgment should be granted because no *material* issue of fact on defendant's negligence exists. *See* N.M.R.Civ.P. 56(c), 1978.

That was the posture of this case when the trial judge granted summary judgment. The two pursuing police officers had given deposition testimony describing decedent's

conduct and loss of control. Plaintiff has argued in this court that the police officers were negligent in continuing pursuit of the decedent when it became clear he was not going to stop; that the decedent should have been boxed in between police vehicles and forced to slow down; that the police should have used a public address system to talk to the fleeing driver, or that a traffic blockade should have been set up to compel decedent to stop. The police having failed to take any of the suggested actions, plaintiff says the chase should have been terminated, and if it had, the accident probably would not have occurred.

Somehow, appellant takes no note of the incongruity inherent in this argument, since it is firmly bottomed on the admission that decedent, throughout the pursuit by police, was refusing to stop or to obey the statute requiring him to stop. *See* § 66–7–332, N.M.S.A.1978. Even if the police officers were required to undertake any of the other actions appellant urges (and we can imagine instances when injury to innocent third parties might occur because pursuit of a traffic offender had become dangerous to others), the availability of the options suggested in no way excuses decedent's own negligent and reckless conduct. An alternative which appellant has ignored in her argument is the simple and more expedient termination of the chase by decedent's obedience to the police officer's signals to stop.

Consequently, the trial court was faced with only two possible analyses of the accident: (1) that, believing the deposition testimony, decedent lost control at a high rate of speed as testified to by the officers, thus establishing decedent's contributory negligence; or (2) that, disregarding the depositions and absent any other evidence on the happening, decedent somehow suffered a one-car accident. Without some evidence before the court, neither a judge nor jury would be permitted to disbelieve the eyewitnesses and then speculate that the police car cut in and forced decedent off the road as appellant proposed during oral argument. Even if the police pursuit caused decedent to panic and lose control, another suggestion made in this appeal, how could decedent escape being held responsible for his own concurring negligence which proximately contributed to the accident?

■ Several courts have considered the question of the negligence of a driver who suffers an accident while intentionally attempting to outdistance an officer pursuing him, and without exception those courts have held the fleeing driver negligent as a matter of law. *See, e. g., Rhea v. Green*, 29 Colo.App. 19, 476 P.2d 760 (1970); *MacDonald v. Hall*, 244 A.2d 809 (Me.1968). In *Chambers v. Ideal Pure Milk Co.*, 245 S.W.2d 589, 590–91 (Ky.1952), where an injured third person sued police officers who were chasing Shearer, the driver of the automobile which crashed into Ideal's vehicle, the court found the officer's conduct "not the legal or proximate cause of the accident." It reasoned:

> The police were performing their duty when Shearer, *in gross violation* of his duty to obey the speed laws, crashed into the milk wagon. To argue that the officers' pursuit caused Shearer to speed may be factually true, but it does not follow that the officers are liable at law for the results of Shearer's *negligent speed*. Police cannot be made insurers of the conduct of the culprits they chase. (Our emphasis.)

The same can be said in this case. If the officer's pursuit led decedent Gurule to speed, his conduct was nevertheless an unlawful response which violated both the speed laws and his statutory obligations to stop. One who violates a statute is negligent as a matter of law. *Dahl v. Turner*, 80 N.M. 564, 458 P.2d 816 (Ct.App.1969); N.M. U.J.I. (Civ.) 11.1. If the accident resulted from plaintiff's decedent's negligent excessive speed, regardless of the initial impetus for his unlawful speeding, defendants cannot be held liable for that result.

It has even been held that since officers have a legal duty to pursue a fleeing vehicle, they cannot be held negligent in giving chase. *Bailey v. Edison Charitable Foundation*, 152 Ind.App. 460, 284 N.E.2d 141 (1972).

Nothing in this record would allow a reasonable inference that the accident did not proximately result from decedent's excessive speed. We cannot agree with appellant's argument that the police set in motion the events, and "but for the negligence of the police in their pursuit, the accident would never have occurred. A reasonable inference from the facts could therefore be that the loss of control was not a proximate cause." Appellant might as well argue that had decedent never have gotten behind the wheel the accident would never have occurred, either. But he *did* take the vehicle; he *did* fail to obey lawful directions to stop; he *did* attempt to evade arrest by leading a high-speed chase through city, interstate and residential streets; and, finally, he *did* lose control of his car and crash into a house. How could his loss of control *not* be a proximate cause, when proximate cause is defined as "that which in a natural and continuous sequence produces the injury, and without which the injury would not have occurred"? N.M.U.J.I. 12.10. This argument by appellant is devoid of any legal logic. If plaintiff negligently and proximately contributes to his injuries, he is barred from recovery. *See Montoya v. Williamson*, 79 N.M. 566, 446 P.2d 214 (1968); Restatement (Second) Torts, § 467.

The long and short of this appeal may be succinctly stated: On the evidence before the trial court, if believed, plaintiff's decedent was contributorily negligent as a matter of law and summary judgment was proper. *McFarland v. Helquist*, 92 N.M. 557, 591 P.2d 688 (Ct.App.1979). If the officers' testimony was not believed, there was a void respecting any negligence of defendants which proximately caused the injuries alleged and thus, as a matter of law, no issue of fact upon which to impose liability against defendants. Summary judgment under that view was proper. *See, Shriners Hosp. for Crippled Children v. Kirby Cattle Co.*, 89 N.M. 169, 548 P.2d 449 (1976).

The judgment is affirmed.

LOPEZ and ANDREWS, JJ., concur.