692 P.2d 522

**Gilbert GONZALES, Petitioner,**

v.

**Orhan M. SANSOY, M.D., Respondent.**

**No. 15532.**

Supreme Court of New Mexico.

Oct. 10, 1984.

Eugenio S. Mathis, Las Vegas, N.M., Patrick A. Casey, Nancy Augustus, Santa Fe, N.M., for petitioner.

Rodey, Dickason, Sloan, Akin & Robb, Bruce Hall, Modrall, Sperling, Roehl, Harris & Sisk, John Thal, Albuquerque, N.M., for respondent.

**OPINION**

FEDERICI, Chief Justice.

This medical malpractice action, originally filed in the District Court of San Miguel County, is before us on writ of certiorari. The issue on appeal is directed to the sufficiency of expert testimony on the question of proximate cause.

The case was tried to a jury which returned a verdict in favor of plaintiff-petitioner, Gilbert Gonzales (Gonzales), finding defendant-respondent, Dr. Orhan M. Sansoy (Sansoy) 81% negligent and Gonzales 19% negligent. Sansoy appealed the trial court's judgment and the order denying his motions for judgment n.o.v., for a new trial, and for remittitur, to the Court of Appeals. The Court of Appeals reversed the jury verdict and the judgment entered upon

it, holding that proximate cause was lacking. We reverse the Court of Appeals.

Gonzales experienced acute abdominal pains on Sunday, September 17, 1978, and was treated in the Northeastern Regional Hospital emergency room by Sansoy. Sansoy, suspecting that Gonzales was suffering from a recurrence of a peptic ulcer, treated him for the pain and told him to come to the office the following day. The next day, September 18, Gonzales went to Sansoy's office and was given a prescription for ulcer treatment and told he should be better in three to four days. Gonzales continued to be ill for the next three days, but on the fourth day, Thursday, September 21, he felt relieved. On Friday, however, he felt ill again and by Saturday he was in great pain. He was admitted to the hospital that afternoon and was operated on that same night. During surgery it was discovered that he had a ruptured appendix.

Gonzales brought this action alleging that Sansoy had been negligent in failing to diagnose the appendicitis earlier. The Court of Appeals found that Gonzales' expert witness, Dr. Sklar, had omitted to testify that Gonzales had diagnosable appendicitis on September 17th and 18th, the two days Sansoy examined Gonzales prior to the day of his operation and that Dr. Sklar had not given the basis for his opinion. The Court of Appeals held that proximate cause was, therefore, not shown.

■ Appellate reversal of jury verdicts must be done cautiously and only under a strict standard of review in order to safeguard a litigant's constitutional right to a jury trial. *See* N.M. Const. art. II, § 12. For this reason a standard of review was designed to resolve all doubts in favor of the jury verdict. This standard of review was clearly stated in *Mascarenas v. Gonzales*, 83 N.M. 749, 497 P.2d 751 (Ct.App.1972), also a medical malpractice action. The court said:

> The presumptions are in favor of verdicts and the facts are to be viewed in the aspect most favorable to the prevailing party. We will indulge all reasonable inferences in support of the verdicts, disregarding all inferences or evidence to the contrary. It is for the jury, not us, to weigh the testimony, determine the credibility of witnesses, reconcile inconsistent or contradictory statements of a witness, and say where the truth lies.

*Id.* at 751, 497 P.2d at 753.

Review of the record, therefore, should be limited to determining whether there was substantial evidence for the jury to conclude that proximate cause existed. The record discloses substantial evidence before the jury sufficient to support a verdict for Gonzales.

■ The record shows that although Dr. Sklar did not specifically use the dates September 17 and 18 in his testimony, many of his statements about Gonzales' condition were given in response to questions concerning those dates. When the testimony is considered in its entirety, it is clear that Dr. Sklar was asserting that Gonzales had diagnosable appendicitis at the times of the earlier examinations on September 17 and 18. It is not necessary for an expert witness who testifies that there was a negligent failure to diagnose appendicitis also to state that the appendicitis was then present and diagnosable.

■ The testimony of Sansoy's expert conflicts with Dr. Sklar's opinion. All such conflicts in testimony should be resolved in favor of upholding the verdict. *Wood v. Citizens Standard Life Insurance Company*, 82 N.M. 271, 480 P.2d 161 (1971). The appellate court must not reweigh the evidence. *Id.*

In addition to Dr. Sklar's testimony, there was other evidence before the jury from which it could have found that Gonzales had appendicitis at the time of the September 17th and 18th medical examinations by Sansoy. Gonzales testified that abdominal pains he felt on the 17th were in his lower right abdomen; that the pain differed from the peptic ulcer pain he had experienced in 1973; and, that the pain spread throughout his right side during the night of the 17th. He testified that the

following day he could barely walk. These facts, along with Dr. Sklar's testimony, provide substantial evidence to support the jury's verdict.

■ In its opinion, the Court of Appeals states that Dr. Sklar did not adequately explain the basis for his opinion. An expert's opinion will not be considered incompetent or lacking in factual basis if he gives an explanation as to how he arrived at it. *Harrison v. ICX, Illinois-California Express, Inc.*, 98 N.M. 247, 647 P.2d 880 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982). The record indicates that Dr. Sklar based his opinion on his review of Gonzales' medical history, the hospital records, the surgeon's report, Sansoy's office notes, Sansoy's answers to interrogatories and depositions, and on statements of Gonzales. In addition, under New Mexico Rules of Evidence an expert is not required to disclose the underlying facts or data upon which his opinion is based unless requested by the judge or unless interrogated on cross-examination. NMSA 1978, Evid.R. 705 (Repl.Pamp.1983). At trial, Sansoy's attorney objected to the factual basis upon which Dr. Sklar relied for his opinion. This objection was overruled by the judge. Sansoy's attorney later had ample opportunity in cross-examination of Dr. Sklar to point out to the jury any weaknesses in Dr. Sklar's opinion.

The trial court was correct in submitting the issue of proximate cause to the jury. The Court of Appeals is reversed. The cause is remanded to the Court of Appeals for further proceedings consistent with this opinion and for a determination of the other issues appealed to that court.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.

WALTERS, J., specially concurs.

RIORDAN, J., dissents without opinion.

WALTERS, Justice (Specially Concurring).

I specially concur in this opinion, for the purpose of emphasizing my agreement with Chief Justice Federici's treatment of the evidence produced on the issue of proximate cause and the jury verdict on the question of liability, and my disagreement with the Court's recent quashing of certiorari in the case of *Duran v. General Motors Corporation*, 22 SBB 1231 (November 17, 1983). *Duran* raised the identical issue on proximate cause and sought the same relief we grant this plaintiff in today's case. The majority of this Court last month refused to review the Court of Appeals' reversal of the jury's verdict obtained by plaintiff in *Duran* where, on similar expert evidence, the Court of Appeals held that proximate cause had not been shown and that the jury should not have considered defendant's liability. While agreeing with the disposition of the instant case, I must express my opposition to selective reviews which permit unequal treatment of plaintiffs' petitions for certiorari and inconsistent results on identical claims of error.