**JICARILLA APACHE TRIBE, Plaintiff-Appellant/Cross-Appellee,**

v.

**SUPRON ENERGY CORPORATION, et al., Defendants-Appellees/Cross-Appellants.**

**Nos. 81–1680, 81–1860, 81–1871 to 81–1874 and 81–1939.**

United States Court of Appeals, Tenth Circuit.

June 18, 1986.

Before HOLLOWAY, Chief Judge, and McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

The Government has moved the Court to modify its en banc opinion in this case, 782 F.2d 855, with respect to various conclusions regarding the Secretary's fiduciary duty to the Tribe. Upon consideration, the motion to modify in the regard requested by the Government is denied. Judges Seth and Barrett would grant the Government's motion.

On its own motion, the Court hereby supplements the en banc opinion. Citing *Nevada v. United States,* 463 U.S. 110, 114 n. 16, 103 S.Ct. 2906, 2921 n. 16, 77 L.Ed.2d 509 (1983), defendants have argued that the Government should pay the additional royalties owing as the result of this case because their nonpayment resulted from the Government's breach of its fiduciary

duty. We disagree. The allegation in *Nevada* was that the Government ineffectively represented the Tribe in a lawsuit, resulting in the Tribe being barred by res judicata from raising claims against third parties. The Court said in note 16 that the Tribe's remedy was against the Government. While the Secretary failed in its duty to represent the Tribe's interests in the present case, the relationship between the Tribe and defendant-lessees is contractual. The failure of the Secretary to require dual accounting resulted in the lessees paying an insufficient amount of royalties under the contract. That the Secretary breached its fiduciary duty to properly enforce the leases does not excuse the lessees from subsequently having to pay the amounts determined to be owed under the leases. *Cf. Atlantic Richfield Co. v. Hickel,* 432 F.2d 587, 592 (10th Cir.1970).[1]

The mandate in this case is stayed for 30 days to permit the timely filing of a petition for writ of certiorari. If a timely petition is filed, the stay shall remain in effect until the Supreme Court disposes of the petition.

Hill, Circuit Judge, concurred dubitante with opinion.

---

**1.** Judges Seth, McWilliams, and Barrett dissent from this conclusion.