**Frank C. ENOS and Eva Kniffen, Plaintiffs,**

v.

**UNITED STATES of America, and United States Department of Interior, Defendants.**

No. C87–0162–B.

United States District Court, D. Wyoming.

Nov. 10, 1987.

William L. Miller, Hursh, Miller & Fasse, Riverton, Wyo., for plaintiffs.

Carol A. Statkus, Asst. U.S. Atty., D. Wyoming, Cheyenne, Wyo., for defendants.

## MEMORANDUM OPINION

BRIMMER, Chief Judge.

This matter comes before the Court on the motion of the federal defendants to dismiss the action for want of subject matter jurisdiction. For the reasons outlined below, the motion to dismiss is denied and the case is transferred to the United States Claims Court.

Plaintiff Frank Enos is 79 years old; his sister, plaintiff Eva Kniffen is 82. They are enrolled members of the Shoshone Indian Tribe and have been life-long residents of the Wind River Indian Reservation. They own the surface and mineral rights on two allotments on the reservation. They contend that over the past 40 years oil and gas wells have been put into production on and around their property and believe that they have not been paid royalties to which they are entitled. Their complaint names as defendants the United States and the United States Department of the Interior, and seeks to compel the defendants to provide an accounting for the mineral leases on their allotments.

The defendants have moved to dismiss for want of subject matter jurisdiction. Since the suit is against the United States, the threshold issue before the Court is whether the sovereign has waived its immunity to permit the Court to exercise jurisdiction.

The plaintiffs contend that the Court may exercise jurisdiction over the present action by virtue of 28 U.S.C. § 1331, federal question jurisdiction, 5 U.S.C. § 702, the Administrative Procedure Act, 28 U.S.C. § 1361, federal mandamus, and 25 U.S.C. § 396 and 25 C.F.R. § 212, federal law regulating the lease of minerals on allotted Indian land.

■ The United States may not be sued without its consent; the existence of consent is a prerequisite for jurisdiction. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The government correctly contends that section 1331 of title 28 does not provide consent to sue the United States. While 28 U.S.C. § 1331 grants to the district court broad subject matter jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States, it does not constitute a general waiver of sovereign immunity. *See New Mexico v. Regan,* 745 F.2d 1318, 1321 (10th Cir.1984), *cert. denied sub nom. New Mexico v. Baker,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985); *Cotter Corp. v. Seaborg,* 370 F.2d 686, 692 n. 15 (10th Cir. 1966).

■ The government is also correct in stating that the Administrative Procedures Act does not provide an independent basis of subject matter jurisdiction permitting federal judicial review of agency action. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Alamo Navajo School Bd. v. Andrus,* 664 F.2d 229 (10th Cir.1982), *cert. denied sub nom. Apachito v. Watt,* 456 U.S. 963, 102 S.Ct. 2041, 72 L.Ed.2d 487 (1982). However, the Administrative Procedure Act does contain, in section 702 of title 5, a limited waiver of the United States' sovereign immunity. *Regan,* 745 F.2d at 1321; *cf. United States v. Mitchell,* 463 U.S. 206, 227 n. 32, 103 S.Ct. 2961, 2973 n. 32, 77 L.Ed.2d 580 (1983) (Congress has generally consented to suits for declaratory, injunctive, or mandamus relief against the Secretary of the Interior in section 702 of title 5). Section 702 provides:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief *other than money damages* and stating a claim that an agency or officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States....

5 U.S.C. § 702 (emphasis added). Thus, § 702 has been construed as granting the United States' consent to suit in cases involving agency action so long as the action is not for money damages. *Regan*, 745 F.2d at 1321.

Mr. Enos and his sister contend that the present action is for an accounting in order to determine the value of drainage of oil and gas from their allotment on the Wind River Indian Reservation. However, counsel for both parties stipulated at the hearing on the motion that a preliminary accounting has been provided to Mr. Enos and Ms. Kniffen. Furthermore, counsel for the plaintiffs advanced the position at argument that the accounting by the government indicated that the plaintiffs may be entitled to as much as $4,000,000.00 in royalties which they contend is owed to them by the United States.

■ Even if plaintiffs still seek to compel a final accounting, the action before the Court is essentially one for money damages, and section 702 of the Administrative Procedure Act cannot be relied upon to assert jurisdiction. Nevertheless, plaintiffs contend that jurisdiction is proper here; they point to *Manchester Band of Pomo Indians, Inc. v. United States*, 363 F.Supp. 1238 (N.D.Cal.1973). In that case, the Northern District of California retained jurisdiction over an action by an Indian band to compel an accounting and to recover money damages for failure of certain officers of the Interior and Treasury Departments to properly manage certain funds held in trust for the Indians. The district court relied upon the Tucker Act (codified at 28 U.S.C. §§ 1346, 1491); federal statutes establishing the financial and managerial duties at issue, including 25 U.S.C. §§ 161a and 162a; the Administrative Procedure Act; and the federal mandamus statute, 28 U.S.C. § 1361. The court placed particular reliance on the Tucker Act, explaining "[t]he Court finds the contention that it lacks jurisdiction to be totally without merit and has heretofore ruled that it has jurisdiction over the United States with respect to the Band's claim for money damages by virtue of 28 U.S.C. § 1346(a)(2)." *Manchester Band*, 363 F.Supp. at 1242.

■ The Tucker Act provides the United States' consent to suit for claims founded "either upon the Constitution, or any Act of Congress, or any regulation of an executive department," 28 U.S.C. §§ 1346(a)(2) and 1491, that creates substantive rights to money damages. *Mitchell*, 463 U.S. at 218, 103 S.Ct. at 2968. In order to determine whether such a right has been created, a court must inquire whether the source of substantive law "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id.*

The question that is presented, then, is whether the statutes or regulations involved here can be interpreted as requiring compensation. *Id.* Plaintiffs have based their money claims against the United States on the "Indian Long–Term Leasing Act, Act of March 3, 1909, codified at 25 U.S.C. § 396 (1983), and regulations promulgated thereunder. Those sections place comprehensive control over the administration of mineral, gas, and oil leases on allotted Indian lands in the Secretary of the United States Department of the Interior. *See Poafpybitty v. Skelly Oil Co.*, 390 U.S. 365, 372–73, 88 S.Ct. 982, 985–86, 19 L.Ed.2d 1238 (1968) (explaining, with regard to 25 U.S.C. § 396 and regulations in force at that time that "the United States has exercised supervisory authority over oil and gas leases in considerable detail."). Plaintiffs contend that federal law creates a fiduciary obligation on the part of the

United States in managing oil and gas leases on allotted Indian lands.

The Tenth Circuit Court of Appeals has concluded that the Secretary of the Interior is obligated to act as a fiduciary to Indian tribes in administration of Tribal oil and gas reserves pursuant to the Indian Mineral Leasing Act of 1938, 25 U.S.C. §§ 396a–396g (1976). *Jicarilla Apache Tribe v. Supron Energy Corp.*, 782 F.2d 855 (10th Cir.1986) (per curiam on rehearing en banc), *adopting with exceptions the prior dissenting opinion of Judge Seymour*, 728 F.2d at 1563 (10th Cir.1984), *motion to modify denied supp. op.*, 793 F.2d 1171 (en banc), *cert. denied sub nom. Southern Union Co. v. Jicarilla Apache Tribe*, — U.S. ——, 107 S.Ct. 471, 93 L.Ed.2d 416 (1986). For the reasons outlined by Judge Seymour in *Jicarilla*, 728 F.2d at 1563–65, the Court concludes that under the statutes and regulations at issue here the United States has the obligation to act as trustee toward Indians to whom lands have been allotted in severalty. The Federal Circuit Court of Appeals, relying on *Jicarilla*, recently drew the same conclusion. *See, Pawnee v. United States*, 830 F.2d 187 (Fed.Cir.1987) (rejecting the claim that the United States has no fiduciary duty toward Indian allottees of certain mineral acreage in Oklahoma but affirming dismissal on grounds other than lack of subject matter jurisdiction) (available on WESTLAW, CTAF database and on LEXIS, GENFED library CAFC file).

The federal government's role in leasing oil and gas on allotted Indian lands is pervasive and its responsibilities are comprehensive. Section 396 of title 25 requires the Secretary to "make such rules and regulations as may be necessary for the purpose of carrying the provisions of this section into full force and effect." The regulations set out in 25 C.F.R. (1987) require the Secretary or representatives of the Secretary to: publish notices that oil and gas leases will be offered on certain tracts, *id.* § 212.4, reject unsatisfactory bids when the interests of the Indians would be best served by so doing, *id.*, require satisfactory bonds of lessees, *id.* § 212.10, approve subsurface storage, *id.* § 212.4a, and suspend operations when economic conditions are unsatisfactory, *id.* § 212.15a. As in *Jicarilla*, the apparent purpose of these regulations is to ensure that the Indians receive the maximum benefit from mineral deposits on their lands through leasing. *See Jicarilla*, 728 F.2d at 1565.

In *Mitchell v. United States*, the Supreme Court found that federal laws relating to management of allotted forest lands "clearly give the Federal Government full responsibility to manage Indian resources and land for the benefit of the Indians," 463 U.S. at 224, 103 S.Ct. at 2972, and thus "can be fairly interpreted as mandating compensation for damages sustained." *Id.* at 226, 103 S.Ct. at 2972. The Court explained that "the existence of a trust relationship between the United States and an Indian or Indian tribe includes as a fundamental incident the right of an injured beneficiary to sue the trustee for damages resulting from a breach of trust." *Id.* Thus, the plaintiffs' claim in the present case, alleging a breach of fiduciary obligations owed by the government in managing leases of oil and gas on allotted Indian lands, is not barred by sovereign immunity and jurisdiction over the claim is properly asserted in the federal courts. Consent to the suit is provided by the Tucker Act.

The Tucker Act grants concurrent jurisdiction to the district court and the Claims Court over money claims against the United States not exceeding $10,000. 28 U.S.C. § 1346(a)(2); *Regan*, 745 F.2d at 1322. For claims against the United States involving amounts greater than $10,000 founded upon the Constitution, federal statute, executive regulation, or government contract, exclusive jurisdiction is vested in the United States Claims Court. 28 U.S.C. § 1491; *Regan*, 745 F.2d at 1322. Since the plaintiffs contend that their damages may exceed $3,000,000.00, jurisdiction is properly in the Claims Court. This is true even though the action is styled for mandamus and not money damages. The Tenth Circuit has consistently held that the Claims Court's exclusive jurisdiction cannot be avoided by framing a complaint in the district court as one seeking injunctive, mandatory, or declaratory relief when the essential purpose of the complaining party

is to obtain money from the federal government. *See Rogers v. Ink,* 766 F.2d 430, 433 (10th Cir.1985); *Regan,* 745 F.2d at 1322; *Alamo Navajo School Bd.,* 664 F.2d at 233.

At the hearing on the motion to dismiss, counsel for the plaintiffs urged the Court to retain jurisdiction rather than transferring the action to the Claims Court. Counsel cited equitable considerations, including the advanced ages of plaintiffs, that militate in favor of having the case heard expediently. This is indeed a case where the maxim "justice delayed is justice denied" may be particularly appropriate. However, a greater injustice would accrue if the plaintiffs litigated their case here only to suffer a later determination that this Court acted without jurisdiction.

Accordingly, the Court finds that the proper remedy is transfer pursuant to 28 U.S.C. § 1631. That section permits transfer in the interest of justice to any other court in which the action could have been brought when it was filed. Since consent to suit is provided by the Tucker Act, this action is one that "could have been brought" in the Claims Court when filed. Rather than dismissing the suit, the interests of justice are served by permitting the case to proceed in the Claims Court. *See Regan,* 745 F.2d at 1323.

The case is transferred to the United States Claims Court pursuant to 28 U.S.C. § 1631.