822 P.2d 1128

Richard BAXTER, Plaintiff–Appellant,

v.

Laura GANNAWAY, David Gannaway, and Cene Gannaway, Defendants–Appellees.

No. 11238.

Court of Appeals of New Mexico.

Oct. 24, 1991.

Certiorari Denied Nov. 26, 1991.

Timothy J. Cusack, Cusack, Jaramillo & Associates, Roswell, for plaintiff-appellant.

Daniel J. O'Brien and Christopher W. Nickels, Pelton & O'Brien, Albuquerque, for defendants-appellees.

## OPINION

BLACK, Judge.

Plaintiff appeals from a judgment entered pursuant to a jury verdict. In challenging the damages awarded, plaintiff raises the following issues: 1) the proper standard of review; 2) whether the jury verdict is supported by substantial evidence, or by its very amount proves passion, prejudice, or a mistaken measure of damages; and 3) whether closing statements made by defense counsel constitute judicial admissions which themselves require a larger verdict. Based on the record before us, we cannot agree with plaintiff and affirm the judgment.

FACTS

On Friday, January 6, 1984, defendant Laura Gannaway rear-ended plaintiff in his 1982 Pontiac Bonneville. At the accident scene plaintiff advised the police that he had some pain and stiffness in his shoulders and neck but generally felt all right. The next morning, plaintiff experienced pain in his lower back with radiation down his right leg. That Monday, he returned to his work as an FBI agent but experienced enough pain that he went to the emergency room at the local hospital. He was examined, given some medication, instructed to rest, and told to return if his condition did not improve. When plaintiff's condition did not improve he sought treatment from Dr. Veitch, a local orthopaedic surgeon. Plaintiff told Dr. Veitch that he had been treated for low back pain approximately five years earlier. Dr. Veitch hospitalized plaintiff for nine days and employed conservative treatment modalities. After his release from the hospital, plaintiff rested at home and eventually his symptoms decreased. Approximately seven weeks after the accident, plaintiff returned to work on a part-time basis. He returned to full-time work after another five weeks. As a result of this auto accident, plaintiff incurred lost wages and medical expenses totaling $12,917.

Upon returning to work, plaintiff was required to undergo a physical examination for his employment with the FBI. Since no significant findings were uncovered during the physical, he was approved to perform full and strenuous duties. Plaintiff also resumed his other normal activities, including rather extensive hunting trips. While he did continue to experience some discomfort, it was not enough to require further visits to Dr. Veitch.

In September 1985, plaintiff was involved in a second automobile accident. During the pursuit of a criminal suspect, the automobile in which he was a passenger collided with the suspect's vehicle. Both vehicles were travelling at a fairly high rate of speed. Several days after the accident, plaintiff experienced severe back pain at a level higher than the pain resulting from the first accident. For the first time in almost eighteen months, plaintiff went back to Dr. Veitch. Dr. Veitch again treated plaintiff with therapy, medication, and time off from work.

In November of the same year, plaintiff was dressing to go to work and experienced excruciating pain in the middle of his back as he was pulling on his boot. He went numb from the waist down. He was hospitalized and was again treated conservatively, but this time it was not sufficient. Plaintiff was referred to Dr. Bywaters in Dallas. Dr. Bywaters diagnosed plaintiff as having a ruptured disc at the L–5, S–1 region of his back. Plaintiff subsequently underwent surgery to remove the disc. Due to the surgery, plaintiff missed significant periods of work and incurred substantial medical expense.

Seeking damages for the personal injuries he sustained in the initial car accident of January 6, 1984, plaintiff filed a complaint against Laura Gannaway, a minor, and her parents. The district court granted plaintiff summary judgment on the issue of defendants' liability. A one-day jury trial was held on the issue of damages. The jury awarded plaintiff the sum of $13,000. Plaintiff moved for additur or alternatively for a new trial on the issue of damages. The district court denied the motion and plaintiff appeals.

STANDARD OF REVIEW

Initially, we deal with plaintiff's argument concerning the proper standard of review to be applied when a plaintiff alleges that the damages awarded by a jury are inadequate. The issue is whether, where inadequacy of damages is claimed, the evidence on appeal is to be viewed in the light most favorable to the plaintiff or to the defendant. Plaintiff argues that since he is the prevailing party, albeit in an allegedly inadequate amount, the evidence should be viewed in the light most favorable to him. Plaintiff relies on *Phillips v. Smith*, 87 N.M. 19, 528 P.2d 663 (Ct.App. 1974). Relying on *Lamphere v. Agnew*, 94 N.M. 146, 607 P.2d 1164 (Ct.App.1979), defendants claim that the evidence should be viewed in the light most favorable to sustain the verdict.

The *Phillips* opinion does indeed state that reversal for inadequate damages will result only if the evidence, viewed in the light most favorable to plaintiff, does not substantially support the award. However, *Phillips* was authored by Judge Hernandez, with Judge Hendley concurring in the result only. The third member of the panel, Judge Lopez, dissented. In light of this we must determine whether the statement regarding the proper standard of review in an inadequate damage case has any precedential value and, if so, whether it is legally correct. NMSA 1978, Section 34–5–11 (Repl.Pamp.1990), provides that decisions of the court of appeals shall be in writing and the result shall be concurred in by at least two judges. However, Section 34–5–11 does not distinguish between those decisions in which a panel member concurs in the result only and those in which the panel member also concurs in the opinion.

Plaintiff relies on language from *Silva v. City of Albuquerque*, 94 N.M. 332, 610 P.2d 219 (Ct.App.1980), to argue that despite the division of the panel in *Phillips*, the case has precedential value. The portion of *Silva* relied on by plaintiff is the discussion of *Strickland v. Roosevelt County Rural Electric Cooperative*, 94

N.M. 459, 612 P.2d 689 (Ct.App.1980). A careful analysis of this language, however, indicates that, while the *Silva* court considered *Strickland* a valid judgment and a decision, it was not considered precedent:

> *Strickland,* an opinion with which one judge of this court concurred in the result and another judge dissented, constitutes a "judgment" according to Art. VI, § 28 of the New Mexico Constitution, and a "decision" under § 34–5–11, N.M.S.A.1978. But it is not an opinion expressing the views of a majority of this court as now constituted; and, because one of the participating judges concurred only in the result reached, we may reasonably conclude that the rationale of the opinion does not even express the view of a majority of the panel which considered that case.

*Silva,* 94 N.M. at 333, 610 P.2d at 220.

Rather than supporting plaintiff's contention that "one judge opinions" are precedent, we read *Silva* as, at the least, raising serious questions regarding that proposition. Such a reading is also consistent with our subsequent decisions refusing to recognize one judge opinions as precedential. *See, e.g., Sewell v. Wilson,* 101 N.M. 486, 684 P.2d 1151 (Ct.App.1984); *Casias v. Zia Co.,* 94 N.M. 723, 616 P.2d 436 (Ct.App. 1980), *aff'g* 93 N.M. 78, 596 P.2d 521 (Ct. App.1979).

■ Moreover, the standard enunciated in *Phillips* is legally incorrect. In order to safeguard a litigant's constitutional right to a jury trial, appellate reversal of jury verdicts must be done cautiously and only under a strict standard of review. *Gonzales v. Sansoy,* 102 N.M. 136, 692 P.2d 522 (1984). Viewing inadequate damages in the light most favorable to plaintiff would be contrary to the more general principle that the appellate court should strive to uphold the decisions of the fact finder. *See Barnes v. Sadler Assocs.,* 95 N.M. 334, 622 P.2d 239 (1981) (appellate court will not reverse unless after viewing evidence in the light most favorable to support the verdict, it is convinced the verdict cannot be sustained either by evidence or permissible inference); *Doe v. City of Al-*

*buquerque,* 96 N.M. 433, 631 P.2d 728 (Ct. App.1981) (reviewing court will not disturb award supported by evidence which is taken in its most favorable light). In light of the above, whether it is the plaintiff or the defendant who challenges the decision of the trial court, the evidence on damages is viewed in the light most favorable to upholding that judgment. *See Rutledge v. Johnson,* 81 N.M. 217, 465 P.2d 274 (1970); *Pedigo v. Valley Mobile Homes, Inc.,* 97 N.M. 795, 643 P.2d 1247 (Ct.App.1982). To the extent that the standard of review is stated otherwise in *Phillips,* it is hereby expressly disapproved.

## MEASURE OF DAMAGE

■ Plaintiff argues the jury verdict is not supported by the evidence, but rather is the result of passion or prejudice. The reviewing court does not lightly overturn a judgment of the trial court and will search the record on appeal for substantial evidence to support the trial court verdict. *Rutledge,* 81 N.M. at 221, 465 P.2d at 278.

■ In the absence of an unmistakable indication of passion or prejudice, a reviewing court will not set aside a jury's award of damages unless the amount of the verdict in light of the evidence indicates the jury was influenced by prejudice, passion, or other improper considerations. *Hammond v. Blackwell,* 77 N.M. 209, 421 P.2d 124 (1966). As this court observed in *Doe,* 96 N.M. at 436, 631 P.2d at 731:

> There is no touchstone beyond the instructions given for measuring the damage amounts which juries, in the exercise of their judgments, award. *Baca v. Baca,* 81 N.M. 734, 472 P.2d 997 (Ct.App. 1970). Reviewing courts do not disturb awards supported by evidence which is taken in its most favorable light, and which awards are not shown to be the result of passion, prejudice, sympathy, undue influence, or a mistaken measure of damages. *Samedan Oil Corp. v. Neeld,* 91 N.M. 599, 577 P.2d 1245 (1978).

■ We review the evidence with this in mind. After he returned to work following the Gannaway accident, plaintiff did not seek medical treatment for a year and a

half. He passed the FBI physical and was cleared for strenuous duty. During the year following the first accident, he spent up to thirty days hunting elk, antelope, and deer. There was also evidence that plaintiff sought medical care for back ailments some years prior to the accident at issue. Medical testimony indicated that plaintiff had a congenital spinal stenosis and that as a result of this condition, relatively minor movements in the disc could cause him a problem. Based on these objective factors, the jury may have heavily discounted plaintiff's testimony of pain and suffering. Since the medical testimony was ambivalent, the jury might have concluded the second more serious auto accident or even the strain in putting on the boot, combined with his physical anomaly, caused all of plaintiff's permanent injury. *See Shephard v. Graham Bell Aviation Serv. Co.*, 56 N.M. 293, 243 P.2d 603 (1952) (independent intervening cause). Based on this evidence and the above-stated legal principles, we cannot substitute our judgment for that of the jury. *See Tapia v. Panhandle Steel Erectors, Inc.*, 78 N.M. 86, 428 P.2d 625 (1967).

To determine whether the jury may have followed a mistaken measure of damage, we turn to the analysis of the award in this case. The adequacy of monetary awards in negligence cases is particularly within the province of the trier of fact, and its decision will not be disturbed except in extreme cases. *Westbrook v. Lea Gen. Hosp.*, 85 N.M. 191, 510 P.2d 515 (Ct.App.1973). There is no standard fixed by law for measuring the value of pain and suffering; rather, the amount is left to the fact finder's judgment. *Lujan v. Reed*, 78 N.M. 556, 434 P.2d 378 (1967); *Sheraden v. Black*, 107 N.M. 76, 752 P.2d 791 (Ct.App. 1988). As the supreme court stated in *Powers v. Campbell*, 79 N.M. 302, 304, 442 P.2d 792, 794 (1968):

> It has long been recognized that in awarding damages for pain and suffering or permanent injury to health there cannot be any fixed measure of compensation. The amount of awards necessarily rests with the good sense and deliberate judgment of the tribunal assigned by

law to ascertain what is just compensation, and, in the final analysis, each case must be decided on its own facts and circumstances.

The present jury was properly instructed pursuant to SCRA 1986, 13–1807, which provides "[t]he guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the plaintiffs with fairness to all parties to this action."

■ The jury award covers the medical expenses and lost wages totaling $12,917 which were directly attributable to the accident with Laura Gannaway. Plaintiff argues that the remaining damage figure of $83 for pain and suffering is so miserly that, on its face, it proves legal error. Even if the evidence would have sustained a greater award the fact the verdict was for a lesser amount does not show the jury failed to follow the instruction. *Dickenson v. Regent of Albuquerque*, 112 N.M. 362, 815 P.2d 658 (Ct.App.1991).

■ Although $83 for plaintiff's pain and suffering appears quite miserly, and writing on a clean slate this court may well have awarded substantially more, it is not the duty of the appellate court to evaluate the value of pain and suffering. *See Grammer v. Kohlhaas Tank & Equip. Co.*, 93 N.M. 685, 604 P.2d 823 (Ct.App. 1979). Nor can we say $83 is so unrelated to the evidence as to shock the conscience of the court. *See Bowman v. Incorporated County of Los Alamos*, 102 N.M. 660, 699 P.2d 133 (Ct.App.1985) (award of $30,-000 for dislocation and multiple fracture of ankle and injuries to chest, elbow, and shoulder, affirmed). In this regard we would also note that the district court was apparently not sufficiently "shocked" to grant a new trial. *See Lujan v. Reed*, 78 N.M. at 564, 434 P.2d at 386. When a jury makes an award which covers each element of damages, an appellate court cannot say as a matter of law the jury verdict is founded upon a mistaken measure of damages. *Cf. Hammond v. Blackwell*, 77 N.M. 209, 421 P.2d 124 (1966) (where trial court determined plaintiff suffered a loss of earning capacity but failed to award any damages for such loss, new trial required).

**50**

As we understand plaintiff's brief he also argues that the verdict is contrary to the law given in the jury instructions because the jury was not instructed on the proper weight to be given to expert testimony. Our review of the transcript reveals that plaintiff did not object to the trial court's failure to give SCRA 1986, 13–213, dealing with the rejection of expert witness testimony. Therefore, we need not review this issue. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 745 P.2d 717 (Ct.App. 1987).

### JUDICIAL ADMISSIONS

Plaintiff next argues that defense counsel, in his closing argument, not only conceded that defendants were responsible for the pain and suffering attributable to the Gannaway accident, but also the pain and suffering resulting from plaintiff's second on-the-job accident and even the surgery following the boot incident.

For the rule on judicial admissions to apply, the admission must be unequivocal and it must relate to facts and not personal opinion. *Hedge v. Bryan*, 425 S.W.2d 866 (Tex.Ct.App.1968). The scope of judicial admissions is limited to matters of fact which would otherwise require evidentiary proof and does not include statements by counsel of their legal theory of the case. *Childs v. Franco*, 563 F.Supp. 290 (E.D.Pa.1983). The context of statements alleged to be judicial admissions must also be considered. *Lowe v. Kang*, 167 Ill.App.3d 772, 118 Ill.Dec. 552, 521 N.E.2d 1245 (1988). Where there is ambiguity or doubt it is presumed an attorney did not intend to make a judicial admission during argument. *Lystarczyk v. Smits*, 435 N.E.2d 1011 (Ind.Ct.App.1982); *cf. Jicarilla Apache Tribe v. Supron Energy Corp.*, 782 F.2d 855 (10th Cir.1986) (reversing trial court's finding of "stipulation" by counsel), *modified*, 793 F.2d 1171 (10th Cir. 1986), *cert. denied*, 479 U.S. 970, 107 S.Ct. 471, 93 L.Ed.2d 416 (1986).

With the above principles in mind, a review of defense counsel's closing argument reveals that his statements do not constitute judicial admissions concerning the amount of damages. There is no question defense counsel repeatedly told the jury that defendants were responsible for plaintiff's pain resulting from the first accident and stated "[y]ou decide what that should be." This is clearly consistent with SCRA 1986, 13–1807.

Defense counsel also stated that there was medical evidence of 5% impairment "or less" and concluded "whatever you put the value of the impairment, we owe that." Defense counsel's suggestions to the jury during closing as to what he thought defendant owed should not be viewed as judicial admissions. *See Bunch v. Rose*, 10 Ill.App.3d 198, 293 N.E.2d 8 (1973); *State ex rel. Missouri Highway & Transp. Comm'n v. Union Terminal Ry.*, 633 S.W.2d 429 (Mo.Ct.App.1982).

With respect to the damages for the second accident, defense counsel clearly stated that defendants did not have anything to do with that accident and, therefore, they should not have to pay the damages. Regarding the boot incident and the resulting surgery, defense counsel merely offered the jury what he felt would be a "fair" way to calculate damages based on plaintiff's total impairment after all three events. *See Hayes v. Xerox Corp.*, 718 P.2d 929 (Alaska 1986) (defense attorney's statement in closing argument in a negligence case which conceded plaintiff's injuries and sought to estimate the amount the jury should award was an expression of an opinion and not a judicial admission). Defense counsel's statements in closing argument, therefore, cannot be properly characterized as judicial admissions relating to defendants' liability for damages.

Based on the above, we affirm the damage award. We see no need for oral argument in this appeal and, therefore, plaintiff's request is denied. Costs on appeal are awarded to defendants. *See* SCRA 1986, 12–403.

IT IS SO ORDERED.

ALARID, C.J., and DONNELLY, J., concur.