860 P.2d 213

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Bessie Lee YAZZIE, Defendant– Appellant.**

**No. 14416.**

Court of Appeals of New Mexico.

Aug. 12, 1993.

Tom Udall, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Grant L. Foutz, Foutz, Lally & Pederson, P.A., Gallup, for defendant-appellant.

## OPINION

BLACK, Judge.

Defendant appeals her conviction for involuntary manslaughter. The sole issue raised on appeal is whether Defendant should have been prosecuted for homicide by vehicle rather than for involuntary manslaughter. We affirm Defendant's conviction for involuntary manslaughter for the reasons set out below.

### FACTS

Defendant was involved in an automobile accident in Gallup which resulted in the death of her husband. As a result of the accident, Defendant was charged by criminal information with great bodily injury by vehicle, in violation of NMSA 1978, Section 66–8–101(B) (Cum.Supp.1992), and homicide by vehicle, in violation of Section 66–8–101(A). The State later amended the criminal information and charged Defendant with a single count of involuntary manslaughter, in violation of NMSA 1978, Section 30–2–3(B) (Repl.Pamp.1984). Defendant moved to dismiss the amended information, contending that she should be charged with the more specific crime of homicide by vehicle. The trial court denied Defendant's motion, and the case proceeded to a bench trial on the following stipulated facts.

1. The Defendant drove a motor vehicle in [a] careless, inattentive, or imprudent manner without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances in violation of the provisions of the Motor Vehicle Code;

2. The defendant's act caused the death of James K. Yazzie, who was a passenger in the vehicle driven by the defendant;

3. This happened in New Mexico on or about the 15th day of February, 1992;

4. General criminal intent is not an element of Involuntary Manslaughter[.]

Following the bench trial, the trial court found Defendant guilty of involuntary manslaughter. Defendant appeals from this conviction.

### DISCUSSION

Defendant contends that she should have been charged with homicide by vehicle by careless driving instead of involuntary manslaughter. She further contends that, if found guilty of this charge, she would have been guilty of a misdemeanor. Defendant relies on *State v. Barela*, 95 N.M. 349, 622 P.2d 254 (Ct.App.1980), *cert. quashed*, 95 N.M. 426, 622 P.2d 1046 (1981), in support of these contentions. We take this opportunity to clarify *Barela*.

The defendant in *Barela* was convicted of homicide by vehicle by reckless driving. Barela sought to have the jury instructed that, if it found him guilty of a killing by unlawful operation of a vehicle, other than while violating NMSA 1978, Section 66–8–102 (driving under the influence of intoxicating liquor or drugs) or NMSA 1978, Section 66–8–113 (reckless driving), he was guilty of a misdemeanor rather than a felony. 95 N.M. at 350, 622 P.2d at 255. This Court reversed Barela's conviction on the ground that the jury should have been given lesser included offense instructions. Judge Andrews wrote the opinion with Judge Sutin filing a special concurrence and Chief Judge Wood dissenting. *Barela* is thus of questionable precedential value. *See, e.g., Baxter v. Gannaway*, 113 N.M. 45, 47–48, 822 P.2d 1128, 1130–31 (Ct.App.), *cert. denied*, 113 N.M. 16, 820 P.2d 1330 (1991); *Sewell v. Wilson*, 101 N.M. 486,

492, 684 P.2d 1151, 1157 (Ct.App.), *cert. quashed,* 101 N.M. 362, 683 P.2d 44 (1984).

The question of whether there is an offense of homicide by vehicle by careless driving was posed in the majority opinion in *Barela,* but was never answered directly. *Barela,* 95 N.M. at 351, 622 P.2d at 256. We now answer that question, and hold that no such crime exists. *But cf. State v. Fugate,* 101 N.M. 82, 83, 678 P.2d 710, 711 (Ct.App.1983) (state conceded careless and reckless driving the same for double jeopardy purposes), *rev'd on other grounds,* 101 N.M. 58, 678 P.2d 686 (1984), *aff'd per curiam,* 470 U.S. 904, 105 S.Ct. 1858, 84 L.Ed.2d 777 (1985).

We agree with the interpretation of Section 66–8–101 advanced by the State. That statute sets out four specific circumstances under which an individual can be convicted of homicide by vehicle: (1) driving under the influence of intoxicating liquor, (2) driving under the influence of any drug, (3) violating NMSA 1978, Section 66–8–113 (Repl.Pamp.1987) (reckless driving), or (4) violating NMSA 1978, Section 30–22–1(C) (Repl.Pamp.1984) (willfully refusing to come to a stop when so directed by a uniformed officer in a marked police vehicle). Section 66–8–101 does not specifically enumerate a violation of NMSA 1978, Section 66–8–114 (Repl.Pamp.1987) (careless driving), as a circumstance under which homicide by vehicle can be committed. Therefore, we hold that there is no such crime as homicide by vehicle by careless driving.

The legislature's failure to include careless driving in the homicide by vehicle statute also makes logical sense. Reckless driving is defined as driving "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." Section 66–8–113(A). Careless driving is defined as driving in a "careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances." Section 66–8–114(B). Reckless driving thus involves a more purposeful disregard of traffic safety than careless driving. The sorts of circumstances under which homicide by vehicle can be committed involve the commission of serious traffic offenses which tend to endanger the lives of other individuals on the road. Careless driving is not this sort of offense; therefore, it is reasonable for the legislature to have excluded it from the homicide by vehicle statute.

The statutory sentencing scheme which results from this construction also makes logical sense. Since it is a third degree felony, the penalty for homicide by vehicle is three years. *See* § 66–8–101; NMSA 1978, § 31–18–15(A)(3) (Repl.Pamp.1990). As a fourth degree felony, the penalty for involuntary manslaughter is eighteen months. *See* § 30–2–3(B); § 31–18–15(A)(4). It is appropriate for the legislature to have provided for a harsher sentence for those individuals who engage in more purposeful dangerous conduct than those individuals who engage in merely careless conduct.

Since there is no such crime as homicide by vehicle by careless driving, the State properly charged Defendant with involuntary manslaughter. The State was required to prove that the death occurred during the commission of an unlawful act not amounting to a felony. *See* § 30–2–3(B). Under the stipulated facts, Defendant admitted that her husband was killed while he was a passenger in a vehicle Defendant drove in a manner consistent with the misdemeanor offense of careless driving. *See* § 66–8–114. Therefore, the evidence supports Defendant's conviction for involuntary manslaughter.

Based on the above, we affirm Defendant's conviction for involuntary manslaughter. To the extent that it is precedential and is inconsistent with our holding in this case, *Barela* is hereby overruled.

IT IS SO ORDERED.

MINZNER, C.J., and ALARID, J., concur.