497 P.2d 751 (1972)
83 N.M. 750
Agenda MASCARENAS, Plaintiff-Appellee,
v.
Isidro GONZALES et al., Defendants-Appellants.
No. 806.
Court of Appeals of New Mexico.
May 5, 1972.
*752 James E. Thomson, Zinn & Donnell, Santa Fe, for defendants-appellants.
Joseph A. Roberts, David Chavez, Jr., Santa Fe, for plaintiff-appellee.

OPINION
HERNANDEZ, Judge.
Defendant Lawrence Rodriguez (the other two defendants having been dismissed), a licensed chiropractor, of Fairview, New Mexico, appeals from a jury verdict against him for alleged medical malpractice resulting in four fractured ribs in his patient, the plaintiff.
These grounds for reversal are urged by defendant: (1) Evidence of plaintiff's medical expenses was erroneously admitted, prejudicing defendant; (2) Plaintiff presented no competent medical evidence establishing a causal connection between the injury to her ribs and her pain and suffering; (3) Plaintiff failed to establish a standard of care required of the defendant; and, (4) The court erred in not instructing the jury on the duty of a doctor pursuant to New Mexico Uniform Jury Instruction 8.1.
Plaintiff consulted defendant on August 8, 1970 complaining of pains in her chest and right shoulder. According to defendant's testimony he took one x-ray of her, which did not indicate any fractured ribs prior to the treatment. After explaining the x-ray, he placed her face down on an "adjusting table." Then, according to plaintiff, "He massaged me for about a minute and, then, with both hands, he pressed down and I felt the crack or pop and my breath sort of stopped." Plaintiff immediately experienced pain in her back and in response to her moaning was told by the defendant that she would have some pain for a while. Still in pain, she was driven home by her daughter, who had accompanied her to the defendant's office. Upon arriving at home, she went to bed but stayed only ten or fifteen minutes when the pain became more severe and she experienced considerable shortness of breath. She was driven to the hospital at Embudo, New Mexico, where she was hospitalized for three days. The medical doctor who examined her at the hospital testified that she complained of pain in the right lower *753 chest and shortness of breath. He further testified that "she was in acute distress due to pain in the right lower chest * * *" and that the pain could be described as moderately severe. X-rays taken on the day she was admitted did not indicate any fractured ribs. Still experiencing pain, she again went to see the defendant on August 13, 1970 and he advised taking a bath in hot water. Continuing to feel pain, she went to see a medical doctor in Fairview, New Mexico, on August 15, 1970, who in turn sent her to the hospital in Espanola, New Mexico, where several x-rays were taken. These x-rays, according to the radiologist, indicated that the plaintiff's fifth, sixth, seventh and eighth ribs were fractured and that the fractures had been sustained within two weeks.
In considering the question of the correctness of the actions of the lower court we must bear in mind this fundamental rule. The presumptions are in favor of verdicts and the facts are to be viewed in the aspect most favorable to the prevailing party. We will indulge all reasonable inferences in support of the verdicts, disregarding all inferences or evidence to the contrary. It is for the jury, not us, to weigh the testimony, determine the credibility of witnesses, reconcile inconsistent or contradictory statements of a witness, and say where the truth lies. Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970).
Considering defendant's grounds for reversal in the order set forth above: (1) The court allowed testimony regarding medical expenses with the following admonition to the jury:
"* * * I have been informed that the Plaintiff did not pay for these bills, that these bills for the medical expenses were paid by this witness and I am going to permit testimony to be elicited from this witness, concerning the amounts of those medical bills but, you will consider it only for a limited purpose and that is this, only as the amount and the nature of these medical bills may have some relevance to the claimed pain and suffering, suffered by the Plaintiff; in other words, no claim, as such, is being made for medical expenses, themselves. * * *"
Then, after the defendant rested, the court instructed the jury as follows:
"* * * I am going to instruct you to completely disregard any evidence concerning the payment of medical and Doctors' expenses by Sallie Narvaiz, the Plaintiff's daughter."
We cannot agree that the defendant was prejudiced. Apodaca v. Miller, 79 N.M. 160, 441 P.2d 200 (1968). The items of damage submitted for consideration by the jury were the nature, extent and duration of the injury and the pain and suffering experienced. The evidence in support of these items is substantial and fully supports the amount of the verdict.
(2) The principal rules governing the defendant's second and third allegations of error are set forth in Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964) wherein the court stated:
"Before a physician or surgeon can be held liable for malpractice in the treatment of his patient, he must have departed from the recognized standards of medical practice in the community, or must have neglected to do something required by those standards. * * * The fact that a poor result is achieved or that an unintended incident transpired, unless exceptional circumstances are present, does not establish liability without a showing that the result or incident occurred because of the physician's failure to meet the standard either by his acts, neglect, or inattention. Such facts must generally be established by expert testimony. * * * Likewise, expert testimony is generally required to establish causal connection. * * *"
However, where negligence on the part of a doctor is demonstrated by facts which can be evaluated by resort to common knowledge, expert testimony is not required. This rule applies to chiropractors *754 as well as physicians and surgeons. Lanier v. Trammell, 207 Ark. 372, 180 S.W.2d 818 (1944); Malmstrom v. Olsen, 16 Utah 2d 316, 400 P.2d 209 (1965). Compare Woods v. Brumlop, 71 N.M. 221, 377 P.2d 520 (1962). Should the condition be such that knowledge about it is peculiarly within the knowledge of medical men, then a court should not allow a jury to conjecture or speculate about the matter. A manipulation of the spine which results in four fractured ribs is not a condition peculiarly within the knowledge of medical men.
The negligence of a doctor may be established by his own testimony. Lashley v. Koerber, M.D., 26 Cal.2d 83, 156 P.2d 441 (1945); McCurdy v. Hatfield, 30 Cal.2d 492, 183 P.2d 269 (1947).
The defendant, called as an adverse witness, testified as follows:
"Q. Alright, would you say, Doctor, that under the practice by reasonably prudent chiropractors in the State of New Mexico, that it is not possible to fracture a rib in the manner described by plaintiff's exhibits nos. 1 through 3?
"A. That is correct.
"Q. Alright, So that, if a rib is fractured, something unusual must have happened, is that correct?
"A. Very unusual."
There is evidence that plaintiff's ribs were not fractured prior to the manipulation by defendant; evidence that subsequent to the manipulation the ribs were fractured; evidence of pressure by defendant followed by a crack or pop and immediate pain; evidence that this pain in relation to the pressure was indicative of trauma; evidence that the location of the pain (here in the back) was not conclusive as to the area of the injury. This evidence, together with defendant's testimony quoted above, raised a jury question as to whether defendant's acts fell below the required standard of care.
The matter of proximate cause was a question of fact for the jury and we conclude that the jury's verdict is supported by substantial evidence.
The defendant, in support of his fourth point of error, states that the giving of N.M.U.J.I. 8.1 was mandatory and that the giving of the instruction in a modified form constituted error. The trial court instructed the jury in accordance with the first paragraph of N.M.U.J.I. 8.1, and stated into the record its reasons for omitting the second paragraph, "* * * since I did not feel that it is necessary that an expert witness testify concerning whether or not defendant used the necessary skill and care, in view of the injuries suffered and the testimony regarding the origin. * * *" Section 21-1-1(51) (1) (c), N.M.S.A. 1953 (Repl.Vol. 4).
The directions for use of N.M.U.J.I. 8.1 state: "The second paragraph of this instruction will be used in most cases but occasionally the breach of duty complained of may be a matter of common knowledge and in such cases the second paragraph must be omitted. * * *"
In this case, expert testimony as to the care and skill required of defendant was not necessary and the second paragraph of N.M.U.J.I. 8.1 was properly omitted.
We affirm.
It is so ordered.
WOOD, C.J., and HENDLEY, J., concur.