This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LISA ERRICO,**

Plaintiff-Appellant,

**v.**                                        **NO. 30,695**

**ST. VINCENT HOSPITAL,**
**a New Mexico Corporation,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Alan M. Malott, District Judge**

Paul D. Mannick
Santa Fe, NM

for Appellant

Hinkle, Hensley, Shanor
& Martin, L.L.P.
William P. Slattery
David B. Lawrenz
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiff appeals an order granting Defendant's motion for summary judgment. In this Court's notice of proposed summary disposition, we proposed to reverse. Defendant has responded with a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we reverse.

Plaintiff contends that the district court erred in granting summary judgment in Defendant's favor on the question of causation. [DS 8] In this Court's notice of proposed summary disposition, we proposed to reverse, both because the rationale provided by Defendant's motion—the lack of expert testimony on causation—did not support summary judgment and because the rationale actually relied upon by the district court—independent intervening cause—was erroneous. In Defendant's memorandum in opposition, it continues to argue that summary judgment was proper based on Plaintiff's lack of expert testimony on causation. Defendant makes no argument with respect to the legal doctrine of independent intervening cause, and has therefore abandoned any argument in favor of affirmance under this rationale. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Defendant asserts that this Court's proposed summary reversal is inappropriate because this Court has misunderstood the relevant theories of liability and the

2

meaning of the relevant expert testimony. We disagree. Our discussion of the difference between the physiological causes of Plaintiff's injuries and the question of whether Defendant's post-operative instructions caused Plaintiff to fail to take more decisive action when she experienced pain simply explained why it was not required for the latter, although expert medical testimony would be required for the former type of causation. We did not suggest that the issue in the case was whether Defendant wrapped Plaintiff's bandages too tightly or otherwise caused the bandages to be too tight.

We do not disagree with Defendant's statement that "[t]he question that the jury will be required to answer is whether [Defendant's] alleged failure to provide appropriate discharge instructions was a proximate cause" of Plaintiff's injuries. [MIO 2] As we stated in our notice of proposed summary disposition, to the degree that the answer to that question depends on medical or physiological factors (i.e., to the degree that the jury must know whether it was the tightness of the bandages that caused the injuries such that prompt removal of the bandages would have saved Plaintiff's fingers), Plaintiff has met her burden of providing expert testimony to support her claim. To the degree that the answer to that question depends on common-sense conclusions about what Plaintiff would have done differently if she had been provided with different discharge instructions, expert testimony is unnecessary. *See*

3

*Mascarenas v. Gonzales*, 83 N.M. 749, 751, 497 P.2d 751, 753 (Ct. App. 1972) ("[W]here negligence on the part of a doctor is demonstrated by facts which can be evaluated by resort to common knowledge, expert testimony is not required."); *see also Mott v. Sun Country Garden Prods., Inc.*, 120 N.M. 261, 269, 901 P.2d 192, 200 (Ct. App. 1995) (holding that expert testimony on the cause of an accident was unnecessary when the cause alleged was one that could be assessed by reference to common knowledge).

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**JONATHAN B. SUTIN, Judge**

4