This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SHERRY L. CHAVARRIA,**

Plaintiff-Appellant,

v.                                                        **NO. 32,667**

**SHEILA WILLIAMS**
**d/b/a BACK TO HEALTH CHIROPRACTIC,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**James T. Martin, District Judge**

Steven L. Sage
Las Cruces, NM

for Appellant

Kemp Smith LLP
CaraLyn Banks
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}** Plaintiff Sherry Chavarria appeals an order granting summary judgment in favor of her chiropractor, Defendant Dr. Sheila Williams. In our notice of proposed summary disposition, we proposed to affirm. Chavarria has filed a memorandum in opposition, which this Court has duly considered. As we do not find Chavarria's arguments persuasive, we affirm.

**{2}** New Mexico law provides that expert medical evidence is generally essential to establish the elements of both departure from the proper standard of care and causation in medical malpractice actions. *See Toppino v. Herhahn*, 100 N.M. 564, 567, 673 P.2d 1297, 1300 (1983); *Crouch v. Most*, 78 N.M. 406, 410, 432 P.2d 250, 254 (1967); *Cervantes v. Forbis*, 73 N.M. 445, 448, 389 P.2d 210, 213 (1964). When Williams moved for summary judgment on Chavarria's claim against her for medical negligence, Williams attached an affidavit containing her own expert opinion that Chavarria's back pain was caused by a preexisting disc bulge, not by Williams's treatment of her, as well as her opinion that she did not breach the standard of care.

In Chavarria's response to the motion, she did not counter this evidence with expert testimony, attaching an affidavit containing only her own lay opinion about causation. Accordingly, in this Court's notice of proposed summary disposition, we proposed to hold that Chavarria had failed to demonstrate that she had competent evidence to prove either a breach of the standard of care or causation, such that summary judgment was proper.

{3}     In proposing summary affirmance on this basis, we recognized that there is a narrowly drawn exception in those unusual cases where medical negligence can be determined by resort to the sort of common knowledge ordinarily possessed by an average person. *See Pharmaseal Labs. Inc. v. Goffe*, 90 N.M. 753, 758, 568 P.2d 589, 594 (1977) (regarding standard of care); *Eis v. Chesnut*, 96 N.M. 45, 47, 627 P.2d 1244, 1246 (Ct. App. 1981) (regarding causation). However, we stated that under the circumstances of this case, where it was undisputed that Chavarria had been seeing Dr. Williams for several years for back pain; that Dr. Williams treated Chavarria on April 14, 2008, because she had been experiencing pain over the previous weekend; and that the next day, on April 15, 2008, Chavarria returned for additional treatment, and during that treatment, she stated that on the previous day she had felt a "sharp pain" when she twisted her body, an ordinary person lacking specialized medical knowledge would not be able to determine whether Chavarria's pain was caused by her

preexisting condition and her own action in twisting her body or by the treatment provided by Williams.

{4}    In Chavarria's memorandum in opposition, she relies on *Mascarenas v. Gonzales*, 83 N.M. 749, 497 P.2d 751 (Ct. App. 1972), to support her claim that a jury could properly determine whether chiropractic treatment caused her injuries by resort to common knowledge.  However, in *Mascarenas*, there was evidence that the plaintiff's ribs were not broken before she went for treatment with her chiropractor, that during treatment, she heard a crack as the chiropractor was pressing down on her with both hands, that she felt a sharp pain, that she experienced pain and shortness of breath as a consequence of the treatment, and that after the treatment it was determined that her ribs were cracked. *Id.* at 750-52, 497 P.2d at 752-54.  Because the plaintiff did not have cracked ribs prior to the treatment and did have them after the treatment, the question of whether the chiropractor did so in that case was one that could be resolved by resort to common knowledge. *Id.* at 752, 497 P.2d at 754.  In addition, the chiropractor's own expert opinion testimony supported a breach of the standard of care, as he testified that ordinary chiropractic care should not result in fractured ribs. *Id.*  Here, in contrast, there was evidence that Chavarria's pain and disc bulge predated the treatment that she alleges caused the harm at issue in this case. Therefore, a jury could not use common knowledge to resolve either the question of

3

causation or the question of whether Williams's treatment of Chavarria breached the appropriate standard of care.

{5} Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{6} **IT IS SO ORDERED.**

                                    _____

                                    **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**